Crane agt. Sawyer.

## SUPREME COURT.

### CRANE agt. SAWYER.

Proceedings to compel the determination of claims to real property, *must* be commenced under and in pursuance of the provisions of the Revised Statutes (2 *R. S.* 313).

The Code (§449) provides that such proceedings "may be prosecuted by action under this act, without regard to the forms of the proceedings as they are prescribed by those statutes," but in its practical operation it can not be done. (*See the reasons by* GRIDLEY, *Justice.*)

*Oneida Special Term, March* 1851. Motion to set aside summons and complaint.

MR. FORD, *for the Motion.*

MR. ELWOOD, *Opposed.*

GRIDLEY, Justice.—This is a motion to set aside a summons and complaint served under the 449th section of the Code. This section provides that "proceedings to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, may be prosecuted by action under this act, without regard to the forms of the proceedings as they are prescribed by those statutes."

Crane agt. Sawyer.

The proceedings are to be prosecuted by " ACTION," pursuant to the Code. In other words they must be commenced by summons. Accordingly, the summons in this case is made to require the defendant to serve a copy of his answer within forty days after service of the summons; " *or to assert his claim to the premises described in the complaint in the time and manner required by law,* or in default thereof that the plaintiff would apply to the court for relief."

Now, by turning to the provisions in question in the Revised Statutes (2 *R. S.* 313), we find that the party must serve on the claimant a notice " *subscribed with his name and place of residence,*" containing several facts set forth in the statute. Then follow the proceedings, as prescribed by the act, viz., the rule for the appearance of the claimant, judgment for not appearing, plea of disclaimer. And in the event that the person on whom the notice is served claims title in fee, or for life, in possession, remainder or reversion, he then becomes plaintiff in an action of ejectment, and the proceedings are thence forward conducted according to ordinary practice in actions of ejectment.

Now there seems to be insuperable objections to taking these proceedings by action under the Code.

1. Section 127 requires all actions to be commenced by the service of a summons.

2. Section 128 declares that the summons shall require the defendant to appear and serve a copy of his answer, &c., *within twenty days after service of the summons.* The summons in this case gives forty days instead of twenty; and is moreover in the alternative, requiring the defendant to answer, &c., OR, " *to assert his claim to the premises in the time and manner required by law.*" This is a matter which the statute does not contemplate to be embraced in the summons.

3. This summons is here made to notify the defendant to declare in the ejectment, in the event that he claims title to the premises in question. In other words the complaint which is annexed to the summons and served with it, is to be answered by a complaint of the defendant, who by that means is to become

plaintiff, and the present plaintiff, defendant. The proceeding then, by action, will involve two actions in which the parties will change places, and the complainant in this suit will ultimately become defendant in the suit to be commenced.

This result shows the absurdity of the proceedings being taken by action, instead of proceeding by notice in the special manner authorized by the Revised Statutes. The summons is prescribed by statute and can not be changed in any important particular without being irregular.

Again, in this particular case there is another objection to the proceeding, independent of the views before given.

The first requisite in section 2 of the provisions of the Revised Statutes, is no where found either in the summons or complaint— the name and place of residence of the party giving the notice, are not given.

The 449th section provides a proceeding by action as a cumulative remedy; so the proceeding under the Revised Statutes is preserved by the 471st section of the Code. This section declares that the Code "shall not affect any existing statutory provisions relating to actions not inconsistent with this act." The provisions of the Revised Statutes relate to the action of ejectment and provides how the claimant shall become a plaintiff in such action. The 469th section of the Code is inoperative, for the reason that it provides no mode by which its object can be accomplished · consistently with the statutory provisions of the Code as to the commencement of suits. The mode prescribed by statute, to compel a determination of claims to real estate, was a proceeding *sui generis,* and it answered the purpose of compelling the adverse party to commence a suit in ejectment. But when the framers of the Code undertook to substitute an action in the lieu of a notice, they prescribed an action to be brought against a party to compel him to commence an action against the plaintiff in the first action. We have then a *complaint* instead of a notice. Now if the defendant desires to contest the title with the claimant, he must serve on the plaintiff, not an answer, but a complaint, in an ejectment cause. Here the plead-

ings in the first suit cease, so far as depends on the Code, and this first action, instead of resulting in an answer and reply, which is tried and followed by a verdict and judgment, is *merged in* an action brought by the defendant, in which the plaintiff in the first action is miraculously changed into a defendant, and the defendant undergoes a like change of character and appears as plaintiff in a new action. It is seen that the first action has, by this process, entirely disappeared. The object of this proceeding can be obtained by a notice under the Revised Statutes; but I trust I need say no more to satisfy any lawyer that it can not be done by action under the Code, unless an action is a very different thing from what it has been understood to be by the profession. Motion granted.